UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Roderick Ellison**,
   *Plaintiff*                                  **Case No**.:

v.

**BayCare Health Systems, Inc.,**
   *Defendant.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, RODERICK ELLISON ("Plaintiff") hereinafter by and through the undersigned counsel and sues BayCare Health Systems, Inc., ("BayCare" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 29 U.S.C §1331, 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

2. Venue lies pursuant to 28 U.S.C. §1391(b), as Plaintiff's claims arise out of his employment relationship with the Defendant, in that a substantial part of the events or motions giving rise to the claim occurred in this district which is located in the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

1.    Plaintiff, Rodrick Ellison, ("Plaintiff") resided in Saint Petersburg, Pinellas County, Florida while employed with the Defendant. Plaintiff continues to reside in Pinellas County.

2.    BayCare Health Systems, Inc., Defendant, is a not-for-profit corporation, and at all relevant times conducting business in the State of Florida, with a physical address of 2985 Drew Street, Clearwater, Florida 33579.

## GENERAL ALLEGATIONS

3.    At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

4.    At all times material, the Plaintiff was qualified to perform his job duties within the expectations of his employer.

5.    Plaintiff has retained the undersigned counsel to represent his in this action and is obligated to pay them a reasonable fee for their services.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.    Plaintiff made a charge of discrimination with the Equal Employment and Opportunity Commission ("EEOC") and the Florida Commission on Human Relations on ("FCHR") on January 16, 2020. Exhibit A.

7. On October 20, 2021, EEOC issued a dismissal and Notice of Rights. A copy of the Dismissal and Notice of Rights is attached. Exhibit B. This Complaint has been filed within ninety (90) days of the receipt of the Dismissal and Notice of Rights; therefore, has met all conditions precedent to filing this Complaint.

8. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statues*, because more than one-hundred and eight (180) days have passed since the filing of this Charge.

## FACTUAL ALLEGATIONS

9. Plaintiff, an African American, was hired by Defendant on or around June 2002. Plaintiff was assigned to St. Anthony's Hospital located in St. Petersburg, Florida. He was initially employed as a Transporter.

10. BayCare is a not-for-profit corporation, incorporated in the state of Florida providing health care at fifteen (15) hospitals and other specialty clinics in the central Florida area. BayCare employs over 10,000 employees.

11. Plaintiff's last position with Defendant was as a Radiology Technology Assistant ("Tech") at St. Anthony's .

12.     The immediate supervisors of the Plaintiff were Rebecca Cunningham ("Cunningham") and Heather Rutkowksi ("Rutkowski"). Cunningham, and Rutkowski and are Caucasian.  Cunningham and Rutkowski were inserted in their supervisory positions on around September and October 2018.

13.     In the position as a Tech, Plaintiff was tasked with transporting patients to different areas of the hospital after he received assignments via an electronic system known as Tele-tracking.  Tele-tracking utilized electronic notifications via an iPod device.

14.      In mid-2019, Plaintiff requested overtime work hours in his department as a Transporter.  The overtime hours consisted of duties similar to normally assigned duties during normal work hours.

15.     The duties of a Transporter entailed retrieving and cleaning stretchers in the hospital, transporting patients to various locations in the hospital, transfer patients from wheelchairs to medical scanning equipment, assist with transporting patients, upon discharge from their room to their personal vehicles.

16.     Plaintiff, while working in the position of a Tech or a Transporter was required to account for his work hours and work assignments via the Tele-

tracking system using an iPod. The iPod's sole means of electronic notification of assignments to the user was via the hospital wi-fi system.

17. Plaintiff signed in and out on the iPod as required.

18. The iPod also received and forwarded assignments to the Plaintiff in his role as a Tech and a Transporter.

19. The iPod historically encountered connectivity issues with the hospital wi-fi and failed to send timely notifications of assignments or capture information input into the device.

20. The issues regarding the inability to sign into the system, receive timely work assignments, and input information were verbally reported directly to supervisors Cunningham and Rutkowski in January 2019.

21. Because of the ongoing connectivity issues, iPods in Plaintiff's department were replaced with mobile phones for some employees. The devices were replaced in and around February 2019.

22. Plaintiff's iPod was not replaced; he continued to use the malfunctioning iPod device.

23. In April 2019, Plaintiff and another co-worker, who was experiencing similar connectivity issues again notified supervisors, Rutkowski and Cunningham of continued issues regarding lack of continuous connection to

the hospital wi-fi with the iPod devices. Rutkowski, even after the complaint about the failure of the devices to accurately capture work hours and timely send work assignments, failed to repair or replace the iPods.

24. Plaintiff continued to work his normal shifts and overtime shifts utilizing the defective iPod, while also issuing regular complaints to his supervisors concerning poor connectivity and lack of timely notification.

25. On or around December 4, 2019, Plaintiff was summoned to a meeting with Rutkowksi and Cunningham. During this meeting, he was immediately suspended from his job duties by the supervisors.

26. Plaintiff was initially informed his suspension was due to the following: working unauthorized overtime hours in mid-2019 and unaccounted time regarding the iPod timekeeping system. None of these issues were ever previously addressed with the Plaintiff prior to the date of suspension.

27. Plaintiff on December 6, 2019 issued a written grievance to the Human Resources complaining of discrimination because of his race.

28. On December 11, 2019, after Plaintiff complained of discrimination because of his race, he was involuntarily terminated from his employment by Defendant, who alleged Plaintiff's termination was due to time and

attendance violations, which were inconsistent with the reason(s) for his suspension.

29. While employed with BayCare, Plaintiff incurred unfavorable treatment and comments by both Rutkowski and Cunningham.

30. Rutkowski's demeanor towards Plaintiff and African American workers was vastly different than her demeanor towards Caucasian employees.

31. Cunningham often made statements towards Plaintiff and other African American workers alleging poor work ethic, false reporting and theft. Cunningham was heard saying, "All of them are lazy and she knows they will steal."

32. Cunningham referred to Plaintiff as "boy" while at the worksite.

33. Plaintiff and other African Americans were closely monitored during the workday and were required to find tasks during their "downtime," while Caucasian employees during "downtime" used their time for personal interest: studying personal homework assignments, not related to work duties, surfing the internet, and blatantly sleeping.

34. Cunningham and Rutkowksi treated Caucasian employees who engaged in theft of company time differently than the Plaintiff.

**COUNT I**

## TITLE VII – RACE DISCRIMINATION

35. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 35 above as if set forth in full herein.

36. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

37. Plaintiff was an employee, and the Defendant was his employer covered by and within the meaning of Title VII.

38. As Plaintiff's employer, Defendants had a duty to refrain from discrimination against the Plaintiff on the basis of race.

39. Defendant by the conduct mentioned above engaged in unlawful practices and discriminated against the Plaintiff because of his race.

40. Defendant's disparate treatment, and subsequent termination as described above, were based on his race.

41. Defendant treated employees Caucasian employees more favorably than Plaintiff in the terms, conditions and or/benefits of employment.

42. The actions of the Defendant were intentional and in deliberate disregard of the rights of the Plaintiff.

43. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages

including but not limited to mental anguish, physical and emotional distress, loss of income and benefits.

## COUNT II

## **TITLE VII- RETALIATION**

44. Plaintiff repeats and realleges the allegations as set forth in paragraphs 1 through 34 above as if set forth herein.

45. Plaintiff suffered an adverse employment action for engaging in protected activity under Title VII. Specifically, Plaintiff was retaliated against by Defendant for complaining about disparate treatment because of his race, by terminating Plaintiff's employment.

46. The above-described act of retaliation constitutes a violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.

47. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

48. Defendant's unlawful and retaliatory employment practices were done with malice and reckless indifference to the federal-protected rights of Plaintiff.

49. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

## COUNT III

## RACE DISCRIMINATION - 42 U.S.C. §1981

50. Plaintiff repeats and realleges the allegations as set forth in paragraphs 1 through 34 above as if set forth herein.

51. Plaintiff is a member of a protected class under 42 U.S.C. §1981.

52. By the conduct described above, the Defendant, a private employer, engaged in unlawful employment practices and discriminated against the Plaintiff because of his race.

53. Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for the Defendant and Plaintiff was compensated.

54. Plaintiff performed his contractual obligations.

55. Defendant violated Plaintiff's rights under 42 U.S.C. §1981 by disciplining and terminating his employment because of race.

56. The actions of the Defendant were intentional and deliberate.

57. The actions of the Defendant were motivated by race-based considerations.

58. As a direct and proximate result of the discriminatory actions of the Defendant, Plaintiff suffered and continues to suffer mental anguish, physical and emotional distress, loss of income and benefits.

### **RELIEF REQUESTED**

1. WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant on each of his respective claims, and:

    a. Award the Plaintiff back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Award Plaintiff all other relief as the Court deems appropriate.

Date: January 18, 2022   By: /s/Octavia Brown
**Octavia Brown, Esq.,**
Florida Bar Number: 0011778
Octavia.brown@community-lawyer.com
**Valentina Villalobos, Esq.**
Florida Bar Number:100426

Valentina.villalobos@community-lawyer.com
**Community Law, PLLC**
3104 N. Armenia Avenue, STE 2
Tampa, Florida 33607
PH:   (813) 822-3522
FAX: (863) 250-8228
*Trial Attorneys for Plaintiff*