# EXHIBIT A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

| Florida Commission On Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>**Mr. Roderick Ellison** | Home Phone (Incl. Area Code)<br>**727-641-7933** | Date of Birth<br>█████ 1983 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **6345 30th Street, South, St. Petersburg, Florida 33712** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**BayCare/St. Anthony's Hospital** | No. Employees, Members<br>**Over 500** | Phone No. (Include Area Code)<br>**727-519-1876** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **2985 Drew Street, Clearwater, Florida 33579-3012** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
   ☒ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                        Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

See attached Exhibit.

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Exhibit.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/16/2020
Date          Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

## EXHIBIT A

## PARTIES

1. Petitioner Roderick Ellison (Mr. Ellison) was hired by St. Anthony's Hospital in June 2002.

2. Mr. Ellison is an African American male.

3. Mr. Ellison was employed with St. Anthony's Hospital/Baycare in varying roles. His position at the time of termination was that of a Technician Assistant. Mr. Ellison held this role for three (3) years.  Prior to this role as a Technician Assistant, Mr. Ellison held the position of a Transporter for fourteen (14) years.

4. Baycare is a not for profit corporation, incorporated in the state of Florida providing health care at fifteen (15) hospitals and other specialty clinics in the central Florida area.  Baycare employees over 10,000 employees.

## FACTUAL BACKGROUND

5. During his seventeen (17) years of employment with the hospital, Mr. Ellison never received any written or verbal disciplinary actions, additionally, he either met or exceeded the standards for his annual performance evaluations.  Mr. Ellison had an exemplary employment history.

6. Mr. Ellison held the supervisory position of Transport Coordinator from March 2014 until January 2019.  He supervised thirty (30) transporters while in this position.

7. In his most recent position as a Technician Assistant Mr. Ellison was tasked with transporting patients to different areas of the hospital after he was provided assignments via an electronic system known as Teletracking.  Teletracking utilized electronic notifications via an iPod device.

8. The immediate supervisor of Mr. Ellison was Rebecca Cunningham (Caucasian). Mr. Ellison was also under the supervision of Heather Rutkowksi (Caucasian). Both Ms. Cunningham and Ms. Rutkowski were inserted in their supervisory positions on around September and October 2018.

9. Mr. Ellison in mid-2019 requested to work overtime hours in his department.  The overtime hours consisted of duties similar to duties he was assigned to during his normal work hours.

10. Mr. Ellison was required to account for his work hours and work assignments on iPod.  The iPod's sole means of electronic notification of assignments to the user was via the hospital wi-fi system.

11. Mr. Ellison signed in and out on the iPod as required.  However, the system consistently encountered connectivity issues with the hospital wi-fi and failed to send timely notifications of assignments or capture information that was input into the device.

12. The issues regarding the inability to sign into the system, receive timely work assignments, and input information were reported directly to supervisor Rebecca Cunningham.

13. Because of the ongoing connectivity issues, the iPods in Mr. Ellison's department were replaced for some employees with phones.  The devices were replaced in and around February 2019.

14. Mr. Ellison did not have his iPod replaced; and continued to use the malfunctioning device.

15. In April 2019, Mr. Ellison notified supervisor, Heather Rutkowski of continued issues regarding lack of connectivity to the wif-fi with the iPod devices.  Ms. Rutowski, even after the request, failed to address the matter as required with the Technical Support Department.  Because of Ms. Rutowksi's failure to address the issue, Mr. Ellison presented his devices to the Technical Support department for assistance with the devices.  Mr. Ellison was told at that time that his direct supervisor needed to provide the devices to the Technical Support rather than he.  He reported to Technical Support that the supervisors failed to address the matter, so he was compelled to address the ongoing issue.

16. Mr. Ellison continued to work his normal shifts and overtime shifts utilizing the iPods.  He continued to report the issues concerning poor connectivity and lack of timely notification to his direct supervisors.

17. On or around December 4, 2019, Mr. Ellison and another African American employee were inexplicably suspended from employment with St. Anthony's Hospital/Baycare by Heather Rutkowski and Rebecca Cunningham.

18. Mr. Ellison was initially informed his suspension was due to the following: (1) working unauthorized overtime hours in mid-2019, (2) reporting to work one (1) hour early; and (3) failing to sign into the timekeeping system. None of these issues were ever previously addressed with him at any time prior to December 4, 2019.

19. Mr. Ellison immediately filed a grievance with the Human Resources Department, on December 6, 2019 with Jane Lewis (Caucasian) and Helen Rogers (Caucasian) human resources personnel, alleging discriminatory animus in regard to the suspension and a disregard of the progressive disciplinary policy. Mr. Ellison was aware that other employees historically had issues with the timekeeping system using the iPods, however he was being singled out regarding this known issue.  Ms. Lewis and Ms. Rogers failed to investigate or respond to the complaint of Mr. Ellison.

20. On December 11, 2019, Mr. Ellison was terminated from his employment with St. Anthony's/Baycare alleging Time and Attendance violations.

## DISCRIMINATORY ACTS

21. Mr. Ellison has incurred unfavorable treatment and comments by Heather Rutkowski and Rebecca Cunningham since they have become his supervisors in 2018.

22. Ms. Rutkowski's demeanor towards Mr. Ellison and African American workers was vastly different.  Ms. Rutkowski presented as warm, friendly and engaging in interactions with fellow Caucasian co-workers within in the Department.  The demeanor of Ms. Rutkowski with Mr. Ellison and the African American workers presented as cold and curt.

23. Ms. Cunningham often made negative statements towards Mr. Ellison and other African American workers: alleging poor work ethic, false reporting and theft. The statements of Ms. Cunningham are indicative of negative stereotypes of African Americans.

24. In November 2019, Ms. Cunningham verbally threatened Mr. Ellison's employment for engaging in a routine work assignment.  Mr. Ellison has never been the recipient of threatened termination by any of his prior supervisors for any reason for engaging in assigned work duties.

25. In December 2019, Ms. Cunningham referred to Mr. Ellison as a "boy" while at the work site.

I believe the reason the employer gave me for the termination of my employment was only pretext and the real reason was because of my race (Black), and unlawful retaliation in violation of Title VII of the Civil Rights of Act of 1964.